# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

VANESSA RACINE,

        Plaintiff,

v.

PHW LAS VEGAS, LLC*, et al.*,

        Defendants.

2:10-cv-01651-LDG -VCF

**O R D E R**

Before the court is plaintiff Vanessa Racine's Motion To Compel. (#33). Defendants PHW Las Vegas, LLC and PHW Manager, LLC (hereinafter collectively "PHW") filed an Opposition (#37), and plaintiff filed a Reply (#38).

Plaintiff filed her complaint on September 24, 2010 (#1), alleging that defendants PHW were negligent when they failed to implement security procedures to protect their patrons from individuals following them to their rooms and robbing, assaulting, and committing other crimes against them. Plaintiff asserts that she was "violently assaulted physically and sexually" as a result of defendants' breach of their duty to check if individuals seeking access to the rooms were in fact guests of the hotel or invitees. (#33). Defendants contend that no such duty exists, and assert that they cannot be held liable for plaintiff's alleged injuries or damages. (#37).

**Motion To Compel (#33)**

    **A.**    **Background/Arguments**

On April 11, 2011, defendants received plaintiff's first set of interrogatories and first request for production of documents. (#33). On May 11, 2011, defendants provided responses to plaintiff's discovery requests. *Id.* Defendants objected to forty-seven (47) of the requests, and of the twenty-five interrogatories, defendants answered only four, while still asserting objections thereto. *Id.* The defendants' responses consisted of four common objections: (1) the request/interrogatory seeks

information relating to the entire hotel, which is not relevant, because the incident occurred exclusively on the elevators and in a room of the guest tower, (2) no protective order is in place, (3) plaintiff failed to limit the discovery requests to a reasonable time period, as defendants did not own the casino during several years within the time-frame specified in the request/interrogatory, and (4) that defendants were uncertain as to the meaning of several terms and phrases used in the request/interrogatory. *Id.*

On May 23, 2011, plaintiff sent a letter to defendants asserting that defendants must withdraw their objections and provide the answers and documents requested. *Id.* Defendants never addressed the issues in plaintiff's letter, and insisted on a protective order. *Id.* Plaintiff contends that she refrained from filing the present motion to compel until a protective order could be entered. *Id.* On October 3, 2011, defendants assert that the parties spoke on the phone regarding extending discovery deadlines and the status of obtaining a protective order to govern some of the requested material. (#37). The parties did not discuss the May 23, 2011, letter or the non-protective order related objections. *Id.* With the exception of this one telephone conversation, defendants' counsel asserts, plaintiff's counsel communicated with defense counsel *solely* via email, despite defense counsel continuously insisting that communications be via telephone or written letters. *Id.*

On October 5, 2011, defendants' counsel provided plaintiff's counsel with a 17 page proposed protective order. *Id.* However, after plaintiff provided comments and changes to the protective order, the parties were unable to reach an agreement. *Id.* Plaintiff contends that on October 24, 2011, she submitted an electronic message advising defendants that a motion to compel would be filed. *Id.* On October 27, 2011, plaintiff filed the present motion to compel[1]. (#33).

Defendants allege that the motion should be denied, because at not time did plaintiff sincerely attempt to meet and confer with defendants regarding the discovery dispute. (#37). Defendants contend that plaintiff only sent the demanding letter on May 23, 2011, and never engaged in any meaningful

---

[1] The court notes that the body of the motion to compel (#33) is identical to the May 23, 2011, demand letter (#33 Exhibit 5) to defendants.

2

attempt to resolve the issues without the court's intervention, and never spoke either on the phone or face to face regarding the alleged deficient responses. *Id.* Defendants also argue that plaintiff waited four months after sending the May 23, 2011, letter before raising the issue again. *Id.* Since the parties could not agree on the substance of the protective order, the defendants assert that they will be filing a motion for protective order with the court. *Id.* To date, no motion for protective order has been filed.

### B.     Discussion

The court finds that both parties have not acted appropriately with regards to the discovery dispute. Plaintiff did not conduct a meaningful meet and confer in an attempt to resolve the dispute without the court's intervention, as she never discussed the dispute *personally* or *telephonically* with defendants' counsel, and only sent a demanding letter for supplemental responses. Federal Rule of Civil Procedure 37(a)(1); Local Rule 26-7(b)(stating that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after *personal* consultation and *sincere effort* to do so, the parties have been unable to resolve the matter without court action.")(emphasis added). Defendants have not filed a motion for protective order with the court, despite objecting to at least twenty-three discovery requests because a protective order was not in place and conveying to the court their intention to file such a motion.

Since the parties have expressed that they cannot agree on a protective order, the court has prepared and is entering a protective order in conjunction with this order. The parties shall, within fourteen days from the entry of this order, meet and confer and file a *joint* request for modifications of the protective order. The parties must meet *face to face* and confer within ten days from the entry of this order in an attempt to resolve the discovery issues. The parties shall file a *joint* status report by January 6, 2012, informing the court of any remaining discovery issues.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Vanessa Racine's Motion To Compel (#33) is DENIED as discussed above. The parties must meet *face to face* and confer within ten days from the entry of this

3

order and shall file a *joint* status report by January 6, 2012, informing the court of any remaining discovery issues.

DATED this 7th day of December, 2011.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**