UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| VANESSA RACINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-01651-LDG -VCF |
| v. ) | |
| ) | **O R D E R** |
| PHW LAS VEGAS, LLC, *et al.*, ) | |
| ) | (Joint Status Report #43 - Pending Discovery Disputes) |
| Defendants. ) | |

Before the court is the matter of *Racine v. PHW Las Vegas, LLC* (Case No. 2:10-cv-01651-LDG -VCF).

**Background**

Plaintiff filed her complaint on September 24, 2010 (#1), alleging that defendants PHW were negligent when they failed to implement security procedures to protect their patrons from individuals following them to their rooms and robbing, assaulting, and committing other crimes against them. Plaintiff asserts that she was "violently assaulted physically and sexually" as a result of defendants' breach of their duty to check if individuals seeking access to the rooms were in fact guests of the hotel or invitees. (#33). Defendants contend that no such duty exists, and assert that they cannot be held liable for plaintiff's alleged injuries or damages. (#37).

On April 11, 2011, defendants received plaintiff's first set of interrogatories and first request for production of documents. (#33). On May 11, 2011, defendants provided responses to plaintiff's discovery requests. *Id.* Defendants objected to forty-seven (47) of the requests, and of the twenty-five interrogatories, defendants answered only four, while still asserting objections thereto. *Id.* The defendants' responses consisted of four common objections: (1) the request/interrogatory seeks information relating to the entire hotel, which is not relevant, because the incident occurred exclusively

on the elevators and in a room of the guest tower, (2) no protective order is in place, (3) plaintiff failed to limit the discovery requests to a reasonable time period, as defendants did not own the casino during several years within the time-frame specified in the request/interrogatory, and (4) that defendants were uncertain as to the meaning of several terms and phrases used in the request/interrogatory. *Id.*

On May 23, 2011, plaintiff sent a letter to defendants asserting that defendants must withdraw their objections and provide the answers and documents requested. *Id.* Defendants never addressed the issues in plaintiff's letter, and insisted on a protective order. *Id.* Plaintiff refrained from filing a motion to compel until a protective order could be entered. *Id.* On October 3, 2011, the parties spoke on the phone regarding extending discovery deadlines and the status of obtaining a protective order to govern some of the requested material. (#37). The parties did not discuss the May 23, 2011, letter or the non-protective order related objections. *Id.* With the exception of this one telephone conversation, plaintiff's counsel communicated with defense counsel *solely* via email, despite defense counsel continuously insisting that communications be via telephone or written letters. *Id.*

On October 5, 2011, defendants' counsel provided plaintiff's counsel with a 17 page proposed protective order. *Id.* After plaintiff provided comments and changes to the protective order, the parties were unable to reach an agreement. *Id.* On October 24, 2011, plaintiff submitted an electronic message advising defendants that a motion to compel would be filed. *Id.* On October 27, 2011, plaintiff filed a motion to compel[1]. (#33).

On December 9, 2011, the court entered an order on the motion to compel (#33) stating that (1) the court "finds that both parties have not acted appropriately with regards to the discovery dispute," and (2) that plaintiff "did not conduct a meaningful meet and confer in an attempt to resolve the dispute without the court's intervention, as she never discussed the dispute *personally* or *telephonically* with defendants' counsel, and only sent a demanding letter for supplemental responses." (#41). The court

---

[1] The court notes that the body of the motion to compel (#33) is identical to the May 23, 2011, demand letter (#33 Exhibit 5) to defendants.

2

denied the motion to compel (#33) and ordered the parties to meet *face to face* and confer within ten days from the entry of the order. *Id.* The court ordered the parties to file a joint status report by January 6, 2012, informing the court of any remaining discovery issues. *Id.* On the same day, the court entered a protective order to govern the disclosure, handling and disposition of documents and information in this litigation. (#42).

On January 6, 2012, the parties filed a joint status report stating that (1) after conducting a meet and confer, the parties were able to reach an agreement on most issues, but (2) some disputes remained. (#43). After reviewing a stipulation to extend discovery filed by the parties on November 29, 2012 (#46), it came to the court's attention that, due to an oversight, the court did not timely address the remaining discovery disputes reported by the parties (#43). This order addresses them.

**Pending Discovery Disputes**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...," and that, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id*.

    **A.**    **Requests for Production of Documents: Nos. 52, 53, and 54**

Plaintiff's requests Nos. 52, 53, and 54 seek the production of security reports, witness statements, police reports, and investigation reports related to incidents or allegations of (1) robbery; (2) attempted robbery; (3) burglary; (4) attempted burglary; (5) battery; (6) attempted battery; (7) assault; (8) fights; (9) sexual assault; (10) attempted sexual assault; (11) possession of a deadly or prohibited weapon; (12) murder; (13) attempted murder; (14) manslaughter; or (15) other acts of violence on the premises, and the remedial measures which were considered and taken, or not taken,

in response to the awareness by the defendant of the existence of criminal activity on its premises. (#33). The requests seek information from the last five years. *Id.*

The court finds that the defendants' knowledge of incidents occurring on the property during the time they owned the property and prior to owning and managing the property are relevant to plaintiff's claim under N.R.S. 651.015. *See Oppenheimer Fund*, 437 U.S. at 351; Fed. R. Civ. P. 26(b)(1). To prove a claim under N.R.S. 651.015(2), a plaintiff must demonstrate that (a) the wrongful act which caused the death or injury was foreseeable, and (b) the owner or keeper failed to take reasonable precautions against the foreseeable wrongful act. "The court shall determine as a matter of law whether the wrongful act was foreseeable and whether the owner or keeper had a duty to take reasonable precautions against the foreseeable wrongful act of the person who caused the death or injury." N.R.S. 651.015(2). A wrongful act is foreseeable under this section if (a) the owner or keeper failed to exercise due care for the safety of the patron or other person on the premises; or (b) prior incidents of similar wrongful acts occurred on the premises and the owner or keeper had notice or knowledge of those incidents. N.R.S. 651.015(3).

The statute specifically requires plaintiff to demonstrate that the owners had knowledge or notice of prior "similar wrongful acts." *Id.* The statute does not require, however, knowledge or notice that the *exact same incident* occurred on the premises. *Id.* Plaintiff alleges that while she was a guest at the defendants' hotel she was robbed, physically attacked, and sexually assaulted. (#9). The defendants' knowledge or notice of prior incidents of a *similar* nature are relevant to this action. *Oppenheimer Fund*, 437 U.S. at 351; Fed. R. Civ. P. 26(b)(1); N.R.S. 651.015. The wrongful acts listed in request No. 52 are similar to the acts of physically attacking, sexually assaulting, and robbing, as they are either acts of violence, acts against a person, or acts against property. (#33). With regard to the time-period of the information sought, the court finds that the responsive documents for the past five years are discoverable regardless of when the defendants took ownership of the property. *See Oppenheimer Fund*, 437 U.S. at 351; Fed. R. Civ. P. 26(b)(1). If the defendants are in possession of the reports

4

sought, the plaintiff may argue that this amounts to notice and/or knowledge of the incidents. As notice and/or knowledge of the incidents is a requirement to prove a claim under N.R.S. 651.015, the reports, regardless of the ownership at the time, are relevant. *Id.*

Defendants express a concern with the privacy of the victims of these wrongful acts. (#43). Defendants assert that "the name and contact information of the alleged victims should be redacted as the claims may refer to circumstances, incidents, or conditions of a personal or upsetting nature." *Id.* The court finds that redacting the names, contact information, and any identifying information will adequately address the defendants' concern with regard to the privacy of the victims. On or before December 20, 2012, defendants must produce appropriately redacted documents in response to request for production of document Nos. 52, 53, and 54. After reviewing the produced redacted documents, plaintiff may request the identity and contact information for five (5) victims, and defendants must provide the information on a confidential basis, pursuant to the protective order entered by the court (#42).

**B.     Interrogatories**

**1.     Nos. 1, 2, and 7**

Plaintiff's interrogatories Nos. 1, 2, and 7 seek information regarding (1) defendants' knowledge of "criminal behavior" on the premises for the five year period leading up to the incident in question, (2) defendants' involvement and knowledge gained from its investigation of "criminal behavior" on the premises in the five years leading up to the incident in question, and (3) instances and facts surrounding such circumstances, when defendants were aware of the presence of unauthorized persons or trespassers in the room towers for the period of five years leading up to the incident in question. (#33).

As discussed above, the court finds that the defendants' knowledge and/or notice of wrongful acts that occurred on their premises is relevant to plaintiff's claims. N.R.S. 651.015 (2) and (3). *See Oppenheimer Fund*, 437 U.S. at 351; Fed. R. Civ. P. 26(b)(1). The information sought in interrogatories 1, 2, and 7 is relevant. *Id.* The court finds, however, that as defendants are ordered to produce all

5

responsive documents to requests Nos. 52, 53, and 54, defendants' obligation to provide responses to interrogatories 1, 2, and 7, is satisfied under Rule 33(d). *See* Fed. R. Civ. P. 33(d)(2)(stating that if the answer to an interrogatory be determined by looking at records, the responding party may answer by "giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.").

### 2. No. 12

Based on defendants' understanding that plaintiff is seeking security audits, both internally and by outside companies, only as performed by defendants and not from the prior owner, defendants asserted that they "will research [their] records and provide a supplemental response to this Interrogatory." (#43). If the defendants have not provided supplementation, plaintiffs may, within one week from the entry of this order, file a motion to compel responses to interrogatory No. 12.

### 3. Nos. 15-25

Plaintiff's interrogatories Nos. 15-24 seek information pertaining to defendants' affirmative defenses. (#43). Interrogatory No. 25 seeks a list of witnesses and what is anticipated that they will testify to. *Id.* Defendants take the position that their responses to these contention interrogatories are sufficient and do not need to be supplemented. *Id.* Plaintiff argues that the information is discoverable, because if defendants do not have evidence to support their affirmative defenses, the defenses should be withdrawn. *Id.*

Rule 33(a)(2) states that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). The court finds that information relating to defendants' affirmative defenses is relevant and that defendants must answer plaintiff's contention interrogatories Nos. 15-24. *See Oppenheimer Fund*, 437 U.S. at 351; Fed. R. Civ. P. 26(b)(1). By plaintiff seeking evidence in support of defendants' contentions regarding their affirmative defenses,

6

plaintiff is essentially asking defendants to explain how they have applied the law to the facts to formulate their defenses. *Id.* On or before December 20, 2012, defendants must provide plaintiff with responses to interrogatories 15-24. With regard to the witness list sought in No 25, the court finds that, in accordance with Rule 33(a)(2), the proper place for defendants to disclose their witness list is in the Joint Pre-Trial Order. *Id.*

Accordingly, and for good cause shown,

IT IS ORDERED that on or before December 20, 2012, defendants must provide responses to plaintiff's Request For Production of Documents Nos. 52, 53, and 54, and Interrogatories 15-24.

IT IS FURTHER ORDERED that any motion to compel responses to Interrogatory 12 must be filed on or before December 11, 2012.

DATED this 4th day of November, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

7