# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

VANESSA RACINE,

          Plaintiff,

vs.

PHW LAS VEGAS, LLC, *et al.*,

          Defendants.

2:10–cv–1651–LDG–VCF

**ORDER**

      Before the court is Plaintiff Vanessa Racine's *ex parte* motion to seal her forthcoming motion for summary judgment, statement of undisputed facts, and exhibits in support of her motion for summary judgment (#67). Racine's motion is denied without prejudice for three reasons.

      First, Racine did not demonstrate "good cause" as to why the court should consider her motion on an *ex parte* basis. Under Local Rule 7-5(b), "[a]ll *ex parte* motions, applications or requests shall contain a statement showing good cause why the matter was submitted to the Court without notice to all parties." Racine's motion, which consist of one page and two exhibits, does not making any showing—let alone a showing satisfying good cause—as to why her motion should be considered on an *ex parte* basis.

      Second, Racine moves to seal her motion for summary judgment, statement of undisputed facts, and exhibits in support of her motion for summary judgment pursuant to section 7.4 of the court's protective order (#42). In full, section, 7.4 states:

> Court Filings. In the event any Confidential Information or Attorney's Eyes Only Information must be filed with the Court prior to trial, the proposed filing shall comply with the **Nevada Rules of Civil Procedure**. In accordance with these rules, the proposed filing shall be accompanied by a motion to file the Confidential Information under seal

1

> and a proposed order, and the application and proposed order shall be directed to the judge to whom the Confidential Information is directed. This provision is applicable to briefs, memoranda, and other filings which quote, summarize, or describe Confidential Information.

(Order (#42) at 10) (emphasis added). The reference to the Nevada Rules of Civil Procedure was a clerical error, which the court may correct *sua sponte*. *See* FED. R. CIV. P. 60(a). The Federal Rules of Civil Procedure, not the Nevada Rules of Civil Procedure, govern this matter. *See* FED. R. CIV. P. 1.

Third, Racine's motion made no showing whatsoever as to why the documents in question should be sealed. (*See* Pl.'s Mot. (#67) at 2:12) (stating that this motion is made pursuant to section 7.4 the court's protective order). A party wanting to seal court document must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). In *Kamakana*, the Ninth Circuit recognized that "[h]istorically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Id*. at 1178 (citing *Nixon v. Warner Commc'n, Inc*., 435 U.S. 589, 597 & n. 7 (1978)).

*Kamakana* distinguishes between records attached to dispositive motions and records attached to non-dispositive motions. *Kamakana*, 447 F.3d at 1180. This distinction is predicated on the fact that different interests are at stake with dispositive and non-dispositive motions. *Id*. With non-dispositive motions, private interests predominate. *Id*. With dispositive motions, public interests prevail. *Id*. Accordingly, to seal information related to dispositive motions, the moving party must overcome the public's right of access to court records by satisfying the "compelling reasons" standard. *Id*. at 1179. This standard may be satisfied by showing that the records attached to a dispositive motion have become a "vehicle for improper purposes," including the gratification of private spite, the promotion of public

scandal, the publication of libelous statements, or the disclosure of trade secrets. *Id*. Mere embarrassment, incrimination, or exposure to further litigation, however, are insufficient. *Id*.

By contrast, sealing records attached to non-dispositive motions merely requires satisfying Rule 26(c). *Id*. at 1180 (citing FED. R. CIV. P. 26(c) (stating that if "good cause" is shown in discovery, a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties." *Id*. Unlike the compelling reasons standard, the good cause standard may be satisfied by showing mere embarrassment, incrimination, or exposure to undue litigation expenses. *See* FED. R. CIV. P. 26(c).

Local Rule 10-5 supplements *Kamakana* by prescribing the procedure for filing documents under seal. Rule 10-5(b) provides:

> [P]apers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

LR 10-5(b).

Here, Racine did not satisfy *Kamakana's* compelling reasons standard. Racine's motion simply acknowledges that the protective order permits the parties to file documents under seal and, therefore, concludes that her documents should be filed under seal. This is insufficient. *See Kamakana*, 447 F.3d at 1179.

/// /// ///
/// /// ///
/// /// ///

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Vanessa Racine's motion to seal (#67) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this 6th day of May, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE