**MOT**
**JENNIFER WILLIS ARLEDGE**
Nevada Bar No. 8729
**VIRGINIA T. TOMOVA**
Nevada Bar No. 12504
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 S. Fourth Street, 11th Floor
Las Vegas, NV 89101
(702) 727-1400; FAX (702) 727-1401
Jennifer.Arledge@wilsonelser.com
Virginia.Tomova@wilsonelser.com
Attorneys for Defendants
**PHW LAS VEGAS, LLC, and**
**PHW MANAGER, LLC**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| VANESSA RACINE, <br><br> Plaintiff, <br><br> v. <br><br> PHW LAS VEGAS, LLC, and <br> PHW MANAGER, LLC, <br><br> Defendants. | Case No. 2:10-cv-01651-LDG-VCF |

**DEFENDANTS PHW LAS VEGAS, LLC AND PHW MANAGERS, LLC 'S MOTION TO FILE MOTION FOR SUMMARY JUDGMENT, DEFENDANTS' STATEMENT OF UNDISPUTED FACTS, AND DEFENDANTS' EXHIBITS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT UNDER SEAL**

COME NOW, Defendants PHW LAS VEGAS, LLC and PHW MANAGER, LLC (hereinafter "Defendants"), by and through their attorneys of record, the law firm of WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP and hereby submit their Motion To File Motion For Summary Judgment, Defendants' Statement Of Undisputed Facts, And Defendants' Exhibits In Support Of Motion For Summary Judgment Under Seal.

/ / /

/ / /

/ / /

644812v.1

This Motion is made pursuant to the Protective Order entered in this case on December 9, 2011. A copy of said Protective Order is attached hereto and incorporated herein by reference. That Protective Order specifically provides that any filings that reference or include confidential materials should be filed Under Seal.

DATED this 19th day of May, 2014

                WILSON, ELSER, MOSKOWITZ,
                EDELMAN & DICKER LLP

BY: _/s/ Jennifer W. Arledge_
     **JENNIFER WILLIS ARLEDGE**
     Nevada Bar No. 8729
     **VIRGINIA T. TOMOVA**
     Nevada Bar No. 12504
     **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
     300 S. Fourth Street, 11th Floor
     Las Vegas, NV 89101
     Attorneys for Defendants
     **PHW LAS VEGAS, LLC, and**
     **PHW MANAGER, LLC**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Protective Order

On December 9, 2011, this Honorable Court entered a Protective Order (Doc. 42) in order to resolve various discovery disputes that arose between Plaintiff and Defendants, concerning the Defendants' production of documents and responses to discovery requests pertaining to any prior instances of criminal conduct on the Planet Hollywood property, various security policies, procedures and protocols. The Protective Order provided a resolution to those discovery disputes and Planet Hollywood provided the documents requested by Plaintiff in her discovery requests.

Paragraph 7.4 of the Protective Order addresses court filings and provides that:

> "In the event any Confidential Information or Attorney's Eyes Only Information must be filed with the Court prior to trial, the proposed filing shall comply with the Nevada Rules

644812v.1

of Civil Procedure. In accordance with these rules, the proposed filing shall be accompanies by a motion to file the Confidential Information under seal and a proposed order, and the application and proposed order shall be directed to the judge to whom the Confidential Information is directed. This provision is applicable to briefs, memoranda, and other filings which quote, summarize, or describe Confidential Information."

Defendants' Motion for Summary Judgment which will be subsequently filed after the filing of this Motion to Seal, contains excerpts and citations to the testimony and statements by various parties, and includes Confidential Information subject to the Protective Order.

## II. Defendants' Motion for Summary Judgment

Defendants' Motion for Summary Judgment and Exhibits attached in support of the same, include the Incident Report, dated June 20, 2010, including Plaintiff Vanessa Racine and Gary Gilchrist's, voluntary statements, Excerpts of the Videotaped Deposition of Plaintiff Vanessa Racine, dated June 15, 2012, Plaintiff Vanessa Racine's Voluntary Statement to the Las Vegas Metropolitan Police Department, dated June 20, 2010, Excerpts of the Deposition Testimony of Gary Gilchrist, dated July 12, 2013, Incident Report regarding the incident at the PH Tower by Westgate, dated June 20, 2010, including a photograph of the alleged assailant, two guest voluntary statements with redactions regarding the Westgate incident, a lock interrogation for room 5620 for June 19 and June 20, 2010, Excerpts of the Deposition Transcript of Scott Koss, the responding security officer to the Westgate incident, dated February 26, 2013, the preliminary report by Tommy J. Burns, Defendants' police and security expert, dated May 2, 2013.

**1. Incident Report, dated June 20, 2010, including Plaintiff Vanessa Racine and Gary Gilchrist's, voluntary statements**

This Report and Plaintiff Vanessa Racine and Gary Gilchrist's voluntary statements contain sensitive and personal information regarding Plaintiff's incident and her injuries, as a result of the alleged incident, on June 20, 2010.

**2. Excerpts of the Videotaped Deposition of Plaintiff Vanessa Racine, dated June 15, 2012**

During her deposition testimony, Plaintiff testified to the factual background leading up to the incident on June 20, 2010, which also formed the basis for her Complaint.

///

///

644812v.1

3. **Plaintiff Vanessa Racine's Voluntary Statement to the Las Vegas Metropolitan Police Department, dated June 20, 2010**

In this Voluntary Statement, Plaintiff discusses the details of the incident, and injuries she allegedly sustained because of the incident. The statement also bears a stamp which states that "the use and dissemination of this record is regulated by law. Secondary dissemination of any kind is prohibited and could subject the offender to Criminal and Civil Liability."

4. **Excerpts of the Deposition Testimony of Gary Gilchrist, dated July 12, 2013**

Mr. Gilchrist is Plaintiff Vanessa Racine's boyfriend and he testified regarding his knowledge of the incident in question and the impact it has had on Vanessa Racine.

5. **Incident Report regarding the incident at the PH Tower by Westgate, dated June 20, 2010, including a photograph of the alleged assailant, two guest voluntary statements with redactions regarding the Westgate incident, a access log to room 5620 for June 19 and June 20, 2010**

This Report bears the stamp "Confidential – Do Not Distribute." The Report provides details about the Westgate Incident, which occurred shortly before Plaintiff's incident. It also contains personal information which has been redacted in order to protect the privacy of the guests, who were involved in this incident.

6. **Excerpts of the Deposition Transcript of Scott Koss, the responding security officer to the Westgate incident, dated February 26, 2013**

In his deposition, Mr. Koss discussed his involvement in the investigation of the Westgate Incident and also discussed the security protocol and procedure at Planet Hollywood.

7. **Preliminary report by Tommy J. Burns, Defendants' police and security expert, dated May 2, 2013**

Mr. Burns is Defendants' police and security expert who opined as to prior criminal activity that had occurred at Planet Hollywood. This information was also the subject matter of Defendants' request for the Protective Order in place. Mr. Burns also opined as to the security procedure and protocol.

### III. Statement of the Law

Defendants' Motion for Summary Judgment and the Exhibits in Support of the Summary Judgment has been provisionally sealed pending this Honorable Court's review of this Motion. Accordingly, this Honorable Court can inspect those documents to verify the existence of

confidential information in the above mentioned documents. In order to comply with this Honorable Court's Protective Order, Defendants are filing their Motion for Summary Judgment and all Exhibits in support of the same under seal.

DATED this 19th day of May, 2014

                                     **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

BY: _____
**JENNIFER WILLIS ARLEDGE**
Nevada Bar No. 8729
**VIRGINIA T. TOMOVA**
Nevada Bar No. 12504
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
300 S. Fourth Street, 11th Floor
Las Vegas, NV 89101
Attorneys for Defendants
**PHW LAS VEGAS, LLC, and PHW MANAGER, LLC**

ORDER

IT IS SO ORDERED.

DATED this 18 day of June, 2014.

_____
Lloyd D. George
Sr. U.S. District Judge

Page 5 of 6

644812v.1

# Exhibit "A"

# Exhibit "A"

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

VANESSA RACINE,

    Plaintiff,

v.

PHW LAS VEGAS, LLC, *et al.*,

    Defendants.

2:10-cv-01651-LDG -VCF

**ORDER**

Before the court is defendants PHW Las Vegas, LLC, *et al*'s proposed protective order (#37-2) and plaintiff Vanessa Racine's objections thereto (#38-1).

Accordingly, and for good cause shown,

IT IS ORDERED that this Protective Order shall govern the disclosure, handling and disposition of documents and information in this litigation as follows:

**1.   Application.**

    1.1   This Protective Order shall govern any document, information or other material that is designated as containing "Confidential Information" or "Attorney's Eyes Only Information" as defined herein, and is produced in connection with this litigation by any person or entity (the "producing party"), whether in response to a discovery request, subpoena or otherwise, to any other person or entity (the "receiving party") regardless of whether the person or entity producing or receiving such information is a party to this litigation.

**2.   Definitions.**

    2.1   Confidential Information. "Confidential Information" shall mean and include, without limitation, any non-public information that concerns or relates to the following areas: confidential proprietary information, trade secrets, security and surveillance policies, practices and procedures, commercial, financial, pricing, budgeting, and/or accounting information, information about

existing and potential customers, marketing studies, performance projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential proprietary information about affiliates, parents, subsidiaries and third-parties with whom the parties to this action have or have had business relationships. "Confidential information" may be contained in the following documents: manuals, contracts, correspondence (electronic or otherwise), blueprints, specifications, drawings, security records, security reports, security shift information and staffing levels, security patrols, security policies and procedures, locations of surveillance and security cameras, documents regarding surveillance and security camera capabilities, production documents, analytical reports, certification-related documents, meeting minutes, meeting notices, presentation documents, and other documents relating to the acquisition of Planet Hollywood Resort & Casino by Defendants.

   2.2  Attorney's Eyes Only Information. "Attorney's Eyes Only Information" is a subset of Confidential Information that includes any document or testimony that contains highly sensitive proprietary, security, surveillance, private, financial or trade secret information where the disclosing party reasonably believes that disclosure of such information to other parties in the litigation would cause severe competitive damage.

   2.3  Documents. As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs, electronic messages, other data compilations from which information can be obtained and other tangible things subject to production under the Federal Rules of Civil Procedure.

**3.**  **Initial Designation.**

   3.1  Good Faith Claims. Claims of confidentiality will be made only with respect to documents, other tangible things and information that the asserting party has a good faith belief are within the definition set forth in subparagraph 2.1 of this Protective Order. Objections to such claims made pursuant to paragraph 5, below, shall also be made only in good faith.

3.2     Produced Documents. A party producing documents that it believes constitute or contain Confidential Information shall produce copies bearing a label that contains or includes language substantially identical to the following:

### CONFIDENTIAL

This label shall be affixed in a manner that does not obliterate or obscure the contents of the copies. If any person or party makes copies of documents designated as containing Confidential Information, the copying person or party shall mark each such copy as containing Confidential Information in the same form as the Confidentiality notice on the original document.

A party producing documents that are stored on electronic, magnetic, optical or other non-paper media, such as compact discs, DVD's, video tapes and audio tapes (collectively, "data storage devices") shall designate the data storage device as containing Confidential Information, by affixing a label or stamp to the data storage device in the manner described above at the time copies of such data storage devices are produced. If the receiving party or other persons or entities to whom disclosure is authorized pursuant to subparagraph 7.1 make a copy of any data storage device designated by the producing party as containing Confidential Information, the receiving party or other authorized person shall mark each such copy as containing Confidential Information in the same form as the confidentiality notice on the original data storage device produced. If the receiving party or other authorized person prints out or otherwise makes copies of the documents or information stored on such data storage device, the receiving party or other authorized person shall mark each page so copied with the label or stamp specified in subparagraph 3.2.

A party producing documents that it believes constitute or contain Attorney's Eyes Only Information shall follow the procedures set forth above with respect to Confidential Information, except that the copies shall be produced bearing a label that contains or includes language substantially identical to the following:

### ATTORNEY'S EYES ONLY

      3.3     Interrogatory Answers. If a party answering an interrogatory or other discovery demand believes that its answer contains Confidential Information or Attorney's Eyes Only Information, it shall set forth that answer in a separate document that is produced and designated in the same manner as a produced document under subparagraph 3.2. Such answers should make reference to the separately-produced document containing the answer, but such document should not be attached to the response.

      3.4     Inspection of Documents. In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of Confidential Information or Attorney's Eyes Only Information needs to be made in advance of the inspection. For purposes of such inspection, all material produced shall be considered as Confidential Information. If the inspecting party selects specified documents to be copied, the producing party shall designate Confidential Information or Attorney's Eyes Only Information in accordance with subparagraph 3.2 at the time the copies are produced.

      3.5     Deposition Transcripts. Within twenty-one (21) days after the receipt of a deposition transcript, a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as Confidential Information or Attorney's Eyes Only Information. Until such time has elapsed, deposition transcripts in their entirety are to be considered as Confidential Information. All parties in possession of a copy of a designated deposition transcript shall mark it appropriately.

      3.6     Multi-page Documents. A party may designate all pages of an integrated, multi-page document, including a deposition transcript and interrogatory answers, as Confidential Information or Attorney's Eyes Only Information by placing the label specified in subparagraph 3.2 on the first page of the document or on each page of the document. If a party wishes to designate only certain portions of an integrated, multi-page document as Confidential Information or Attorney's Eyes Only Information, it should designate such portions immediately below the label on the first page of the document and

place the label specified in subparagraph 3.2 on each page of the document containing Confidential Information or Attorney's Eyes Only Information.

**4.     Designations by Another Party.**

    4.1     Notification of Designation. If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information or Attorney's Eyes Only Information of the non-producing party, the non-producing party may designate the document as Confidential Information or Attorney's Eyes Only Information by so notifying all parties in writing within fourteen (14) days of service of the document.

    4.2     Return of Documents; Non-disclosure. Whenever a party other than the producing party designates a document produced by a producing party as Confidential Information or Attorney's Eyes Only Information in accordance with subparagraph 4.1, each party receiving the document shall either add the Confidential Information or Attorney's Eyes Only Information designation in accordance with subparagraph 3.2 or substitute a copy of the document bearing such designation for each copy of the document produced by the producing party. Each party shall destroy all undesignated copies of the document or return those copies to the producing party, at the direction of the producing party. No party shall disclose a produced document to any person, other than the persons authorized to receive Confidential Information or Attorney's Eyes Only Information under subparagraph 7.1, until after the expiration of the fourteen (14) day designation period specified in subparagraph 4.1. If during the fourteen (14) day designation period a party discloses a produced document to a person authorized to receive Confidential Information or Attorney's Eyes Only Information under subparagraph 7.1, and that document is subsequently designated as Confidential Information or Attorney's Eyes Only Information in accordance with subparagraph 4.1, the disclosing party shall cause all copies of the document to be destroyed or returned to the producing party, at the direction of the producing party. The party may thereafter disclose a copy of the document that has been marked as Confidential Information or Attorney's Eyes Only Information by the designating party, in accordance with subparagraphs 3.2 and

7.1.

**5.**     **Objections to Designations**. Any party objecting to a designation of Confidential Information or Attorney's Eyes Only Information, including objections to portions of designations of multi-page documents, shall notify the designating party and all other parties of the objection in writing within thirty (30) days of such designation. If a document is first produced less than sixty (60) days before the then-pending trial date, such notification shall occur within half of the time remaining before trial. This notice must specifically identify each document that the objecting party in good faith believes should not be designated as Confidential Information or Attorney's Eyes Only Information and provide a brief statement of the grounds for such belief. In accordance with the Nevada Rules of Civil Procedure governing discovery disputes, the objecting and the designating parties thereafter shall confer within ten (10) days after the date of such objection in an attempt to resolve their differences. If the parties are unable to resolve their differences, the objecting party shall have twenty-one (21) days after the conference concludes to file with the Court a motion to remove the Confidential Information or Attorney's Eyes Only Information designation. If an objection is served within forty-two (42) days of trial, the objecting party must file its motion to remove the Confidential Information designation within half of the remaining time before trial, and the meet-and-confer period shall be shortened accordingly. Where a party authored, created, owns, or controls a document, information or other material that another party designates as Confidential Information or Attorney's Eyes Only Information, the party that authored, created, owns, or controls the Confidential Information or Attorney's Eyes Only Information may so inform the objecting party and thereafter shall also be considered a designating party for purposes of this paragraph.

All documents, information and other materials initially designated as Confidential Information or Attorney's Eyes Only Information shall be treated as such in accordance with this Protective Order unless and until the Court rules otherwise, except for deposition transcripts and exhibits initially considered as containing Confidential Information under subparagraph 3.5, which will lose their

confidential status after twenty-one (21) days unless so designated as Confidential Information or Attorney's Eyes Only Information. If the Court rules that a designation should not be maintained as to a particular document, the producing party shall, upon written request by a party, provide that party a copy of that document without the designation described in subparagraph 3.2.

If an objecting party elects not to make such a motion with respect to documents, information or other materials to which an objection has been made, the objection shall be deemed withdrawn. If such a motion is made, the moving party shall bear the burden of proving that the document, information, or other material is not entitled to protection under the applicable law.

  **6.** **Custody.** All Confidential Information or Attorney's Eyes Only Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1.

  **7.** **Handling Prior to Trial.**

   7.1 Authorized Disclosures. Confidential Information shall be disclosed by the receiving party only to the following persons:

    a. Counsel for the parties in this litigation, including their associates, clerks, paralegals, and secretarial personnel;

    b. Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

    c. Experts and their staff who are consulted by counsel for a party in this litigation;

    d. Parties to this litigation, limited to the named party and, if that party is a corporate entity, a limited number of employees of the corporate entity and its insurers;

7

  e. Designated in-house counsel and a limited number of assistants, administrative or otherwise;

  f. Outside vendors employed by counsel for copying, scanning and general handling of documents;

  g. Any person of whom testimony is taken regarding the Confidential Information, except that such person may only be shown Confidential Information during his/her testimony, and may not retain a copy of such Confidential Information; and

  h. This Court and this Court's staff, subject to the Court's processes for filing materials under seal.

  Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation.

  Confidential Information may not be disclosed to persons under subparagraph (c) until the receiving party has obtained a written acknowledgment from the person receiving Confidential Information, in the form of the Declaration attached hereto, that he or she has received a copy of this Protective Order and has agreed to be bound by it. A party who discloses Confidential Information in accordance with subparagraph 7.1 shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving party has disclosed Confidential Information and identify what documents have been disclosed, and shall furnish the written acknowledgments and disclosure list to the Court for in camera review upon its request or order. Furnishing the written acknowledgments and disclosure list to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege. Disclosure of Confidential Information to this Court, including judicial staff, shall be made in accordance with subparagraph 7.4 of this Protective Order.

  The disclosure of Attorney's Eyes Only Information is limited in the same ways as set forth

above for Confidential Information except that, in addition, Attorney's Eyes Only Information may not be disclosed to persons described above in subparagraphs (d) and (e) without prior written consent by the designating party nor to persons within the category described above in subparagraph (g) without prior notice to the designating party under circumstances allowing the designating party to obtain adequate protection with respect to the Attorney's Eyes Only Information either by agreement or by application to the Court.

   7.2   Disclosure to Competitors. In general, Confidential Information and Attorney Eyes Only Information may not be disclosed to competitors of a designating party. However, if at any time such disclosure is believed to be necessary to advance the interest of a party, then before disclosing Confidential Information or Attorney's Eyes Only Information to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least fourteen (14) days notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the fourteen (14) day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise. For purposes of this Protective Order, "competitor" is defined as any person or entity that designs, manufactures, assembles or supplies products to or for the market(s) served by the designating party ("competitive products") or components of competitive products.

   7.3   Unauthorized Disclosures. All persons receiving Confidential Information or Attorney's Eyes Only Information under the terms of this Protective Order are under the jurisdiction of the state courts and U.S. federal courts located in Nevada for all matters arising from the improper disclosure or use of such information. If Confidential Information or Attorney's Eyes Only Information is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Protective Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the

designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to obtain and return the Confidential Information or Attorney's Eyes Only Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

       7.4    Court Filings. In the event any Confidential Information or Attorney's Eyes Only Information must be filed with the Court prior to trial, the proposed filing shall comply with the Nevada Rules of Civil Procedure. In accordance with these rules, the proposed filing shall be accompanied by a motion to file the Confidential Information under seal and a proposed order, and the application and proposed order shall be directed to the judge to whom the Confidential Information is directed. This provision is applicable to briefs, memoranda, and other filings which quote, summarize, or describe Confidential Information.

**8.**    **Care in Storage.** Any person in possession of Confidential Information or Attorney's Eyes Only Information produced by another party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of such information to ensure that the confidential and sensitive nature of same is maintained.

**9.**    **Handling During Trial.** Confidential Information and Attorney's Eyes Only Information that is subject to this Order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the Court upon application by any party.

**10.**    **No Implied Waivers.** This Protective Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Parties producing Confidential Information and Attorney's Eyes Only Information in this litigation are doing so only pursuant to the terms of this Protective Order. The taking of any action in accordance with the provisions of this Protective Order shall not be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

11. **No Admission.** The designation of any item as Confidential Information or Attorney's Eyes Only Information shall not be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

12. **Inadvertent Disclosure.** Nothing in this Protective Order abridges applicable law concerning inadvertent disclosure of a document that the Disclosing Party believes contains attorney-client communications, attorney work product, or otherwise privileged information. If a party inadvertently discloses documents or information subject to a claim of privilege or work product protection, such disclosure will not waive otherwise applicable claims of privilege or work product protection under applicable law. Upon discovery by the Receiving Party, or receipt of written notice from the Disclosing Party identifying privileged or Protected Documents that were inadvertently produced, the receiving party shall within seven (7) business days either: (a) return or certify the destruction of all such documents, all copies, and any work product or portions of any work product containing or reflecting the contents of the subject materials; or (b) after attempting to resolve any dispute with opposing counsel informally, file a motion to challenge the assertion of privilege and tender the subject documents for in camera review with the motion. The moving party shall do nothing to compromise the privilege claim until the Court rules on said motion and the opportunity for appellate review is exhausted or the issue is otherwise resolved.

13. **Parties' Own Documents.** This Protective Order shall in no way restrict the parties in their use of their own documents and information, and nothing in this Protective Order shall preclude any party from voluntarily disclosing its own documents or information to any party or nonparty.

14. **Motion to Compel Production of Confidential Information.** If any third party subpoenas Confidential Information and/or Attorney's Eyes Only Information from a party to this action or moves to compel a party to this action to produce any such information, such party shall immediately notify the parties who originally produced and/or designated such information that a subpoena has been served or a motion has been made in order to allow the parties who originally produced and/or

11

designated such information the opportunity to seek a protective order or oppose the motion or application. If, within thirty (30) days after receiving notice of a subpoena seeking Confidential Information and/or Attorney's Eyes Only Information from a receiving party, the party who originally produced and/or designated such information fails to move for a protective order, the party subject to the subpoena may produce said information. In addition, if a party is ordered to produce Confidential Information or Attorney's Eyes Only Information covered by this Protective Order, then notice and, if available, a copy of the order compelling disclosure shall immediately be given the parties who originally produced and/or designated such information. Nothing in this Protective Order shall be construed as requiring the party who is ordered to produce such Confidential Information or Attorney's Eyes Only Information to challenge or appeal any order requiring the production of such information or to subject himself/herself to any penalty for non-compliance with any legal process or seek any relief from the Court.

    **15.** **No Effect on Other Rights.** This Protective Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

    **16.** **Modification.** In the event any party hereto seeks a Court order to modify the terms of this Protective Order, or seeks a protective order which incorporates the terms and conditions of this Protective Order said party shall make such request by written stipulation or noticed motion to all parties that must be served and filed in accordance with local court rules.

    **17.** **Handling Upon Conclusion of Litigation.** All parties, counsel, and persons to whom disclosure was made agree to return all Confidential Information and Attorney's Eyes Only Information to the designating party within ninety (90) days of the conclusion of litigation between the parties, including final appellate action or the expiration of time to appeal or seek further review. In addition, counsel shall certify in writing that all such Confidential Information and Attorney's Eyes Only Information have been returned. Counsel for each party also shall contact each person to whom that

1  party has provided a copy of any Confidential Information or Attorney's Eyes Only Information and
2  request the documents be returned. In lieu of returning Confidential Information and Attorney's Eyes
3  Only Information, the person or party in possession of such information may elect to destroy it. If the
4  person or party in possession of Confidential Information or Attorney's Eyes Only Information elects
5  to destroy it rather than return it, that person or party must notify the designating party in writing of the
6  destruction of the information within ninety (90) days of the conclusion of litigation between the parties,
7  including final appellate action or the expiration of time to appeal or seek further review.

8  **18.** **Survival of the Terms of this Protective Order.** Even after the termination of this
9  litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until
10  a Designating Party otherwise in writing or a court order otherwise directs.

11  DATED this 8th day of December, 2011.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**