# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VANESSA RACINE,

    Plaintiff,

v.

PHW LAS VEGAS, LLC, *et al.*,

    Defendants.

Case No. 2:10-cv-01651-LDG (VCF)

**ORDER**

    The defendants, PHW Las Vegas, LLC, and PHW Manager, LLC, move for attorney's fees and costs (#90). The plaintiff, Vanessa Racine, opposes the motion (#91).

    A motion for attorney's fees may be brought by motion. Fed. R. Civ. Pro. 54(d)(2)(A). Such motion must specify "the statute, rule, or other grounds entitling the movant to the award." Rule 54(d)(2)(B)(ii). In their motion, the defendants assert that they are entitled to attorney's fees pursuant to Nev. Rev. Stat. 18.010(2): "the court may make an allowance of attorney's fees to a prevailing party . . . (a) [w]hen the prevailing party has not recovered more than $20,000. . . ."[1] The defendants argue that, as summary judgment

---

[1] In their reply, the defendants assert, for the first time, that they are seeking attorney's fees pursuant to §18.010(2)(b). The defendants have waived this additional statute as a basis for attorney's fees by failing to specify it in their motion.

1  was awarded in their favor, and as they were not awarded any damages, they are a
2  prevailing party that did not recover more than $20,000.

3    The defendants' argument fails as the Nevada Supreme Court has long established
4  that "the recovery of a money judgment is a prerequisite to an award of attorney fees
5  pursuant to NRS 18.010(2)(a)." *Smith v. Crown Financial Services of America*, 111 Nev.
6  277, 890 P.2d 769 (Nev. 1995). Thus, to establish that they are entitled to an award of
7  attorney fees pursuant to §18.010(2)(a), the defendants were required to establish that
8  they were (1) the prevailing party, (2) they recovered a money judgment, but (3) did not
9  recover more than $20,000. As defendants concede they "recovered $0," (Doc. #90, p. 3,
10 l. 10), they are not entitled to an award of attorney's fees pursuant to §18.010(2)(a).

11   To the extent that defendants also seek an award of costs in their motion, such
12 request is denied without prejudice. The defendants have filed a Bill of Costs (#89), and
13 the Court will permit the Clerk to tax such costs in the first instance.

14   Accordingly,

15   THE COURT **ORDERS** that Defendants' Motion for Attorney's Fees and Costs (#90)
16 is DENIED as follows: The request for attorney's fees is denied with prejudice, and the
17 request for costs is denied without prejudice.

19 DATED this ___6___ day of April, 2015.

                                                    _____
                                                    Lloyd D. George
                                                    United States District Judge

2